IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA M. SERRANO,

        Plaintiff,

v.

CAROLYN W. COLVIN,

        Defendant.

CIVIL ACTION
NO. 13-7221

**OPINION**

**Slomsky, J.**                                                                                       December 9, 2015

## I. INTRODUCTION

Before the Court is Defendant Commissioner of Social Security's Objection to the Magistrate Judge's Report and Recommendation. (Doc. No. 16.) Plaintiff Angela M. Serrano filed a counseled Complaint against Defendant Carolyn W. Colvin, Commissioner of Social Security (the "Commissioner"), seeking review of the Commissioner's adverse decision on her claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f (the "Act"). (Doc. No. 3.) The Court referred this matter to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation. (Doc. No. 13.) On April 15, 2015, Magistrate Judge Sitarski filed a Report and Recommendation (the "Report") that Serrano's request for review be granted and that the matter be remanded for proceedings consistent with the Report. (Doc. No. 14.) On April 30, 2015, the Commissioner filed timely Objections to the Report. (Doc. No. 16.) On May 7, 2015, Serrano filed a Response to the Commissioner's Objections. (Doc. No. 17.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a <u>de novo</u> review of the portions of the Report to which objection has been made. After independently reviewing the

1

Administrative Record and for reasons that follow, the Court finds that the Commissioner's Objections lack merit and will adopt and approve in its entirety the Report and Recommendation.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiff Angela Serrano was born on January 6, 1975, and was thirty-four years old on the date her alleged disability began. (Administrative Record ("R.") at 20, 40.) She has completed the tenth grade. (R. at 33.) In the past, Serrano worked as a childcare worker. (R. at 55, 155-57.) She was single and living in Reading, Pennsylvania at the time of her application. (R. at 48, 132.)

On May 19, 2010, Serrano filed for Supplemental Security Income. In the application, Serrano alleged disability due to diabetes, high blood pressure, obsessive-compulsive disorder, anxiety, depression, back problems, and numbness in her left foot. (R. at 132, 148.) On March 24, 2011, the Commissioner denied Serrano's application. Serrano then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). (R. at 73-78.)

On August 23, 2012, ALJ Donna Dawson held a hearing. (R. at 29.) Serrano, who was represented by counsel, appeared at the hearing and testified. (R. at 29-60.) An impartial vocational expert ("VE") also testified. (R. at 54-59.) On September 21, 2012, the ALJ concluded that Serrano was not disabled within the meaning of the Act. (R. at 20-21.)

On November 5, 2013, the Appeals Council denied Serrano's request for review. (R. at 1-3.) On December 12, 2013, Serrano filed the Complaint in this Court, seeking judicial review of the adverse decision of the ALJ. (Doc. No. 3.) The Court referred the matter to Magistrate Judge Sitarski for a Report and Recommendation. (Doc. No. 13.) On April 15, 2015, Magistrate Judge Sitarski recommended that Serrano's request for review be granted and that the matter be remanded for proceedings consistent with the Report. (Doc. No. 14.)

On April 30, 2015, the Commissioner filed a timely Objection to Magistrate Judge Sitarski's Report and Recommendation. (Doc. No. 16.) Specifically, the Commissioner objects to Magistrate Judge Sitarski's holding that remand was warranted because the ALJ did not cite to Serrano's Global Assessment Functioning ("GAF") scores provided by her treating psychiatrist.[1] (Doc. No. 16 at 1.) On May 7, 2015, Serrano filed a Response in Opposition to the Commissioner's Objection. (Doc. No. 17.) The Objection is now ripe for review and a decision.

**B. Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

---

[1] In her Objection, the Commissioner repeatedly refers to the decision of "Magistrate Judge Slomsky." (See, e.g., Doc. No. 16 at 1 (". . . the Acting Commissioner respectfully requests that this Court decline to adopt Magistrate Judge Slomsky's R&R and affirm the Commissioner's final decision.").) The Court presumes that the Commissioner intended to refer to the decision of Magistrate Judge Sitarski and inadvertently used the name "Slomsky" instead.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court must also determine whether the ALJ applied the proper legal standards in evaluating a claim of disability. McHerrin v. Astrue, No. CIV.A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)).

**C. The ALJ's Decision**

Serrano alleges inability to work due to diabetes, high blood pressure, obsessive-compulsive disorder, depression, anxiety, back problems, and numbness in her left foot. (R. at 132, 148.) After reviewing the evidence in the record and proceeding through the five-step evaluation process, the ALJ concluded that Serrano was not disabled. (R. at 14-21.)

First, the ALJ determined that Serrano had not engaged in any substantial gainful activity since the alleged onset date. (R. at 14.) Second, the ALJ determined that Serrano suffered from seven severe impairments. They are: diabetes mellitus, hypertension, morbid obesity, major

depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and dependent personality disorder. (Id.) Third, the ALJ reviewed portions of the medical records, a written statement by Serrano, and the hearing testimony, and determined that none of Serrano's impairments, alone or in combination, met or equaled the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Id.)

Fourth, the ALJ concluded that Serrano had the residual functional capacity to perform "only a limited range of light work," and "is limited to frequent balancing; occasional stooping, kneeling, crouching, crawling, and climbing ramps and/or stairs." (R. at 14, 16.). The ALJ further determined that Serrano could understand and carry out short, simple instructions and could perform work with occasional interaction with co-workers and the public. (Id.) The ALJ considered portions of Serrano's medical records and written statement, the hearing testimony, and medical opinion evidence in reaching this conclusion. (Id.)

Finally, the ALJ examined whether jobs that Serrano could perform existed in significant numbers in the national economy. She considered the testimony of the VE, who testified that Serrano's past relevant work involved "semi-skilled light work." (R. at 20.) The VE further opined that Serrano could perform occupations such as machine tender and cleaner. Ultimately, based on Serrano's age, education, work experience, and residual functional capacity, the ALJ concluded that she could not perform any past relevant work, but she could make a successful adjustment to other work that existed in substantial numbers in the national economy. (R. at 21.) For this reason, she was not considered to be disabled within the meaning of the Act.

## III. DISCUSSION

The Commissioner's sole Objection is to Magistrate Judge Sitarski's conclusion that the ALJ's failure to cite to Serrano's GAF scores warranted remand. Upon review of the

Administrative Record, Magistrate Judge Sitarski recommended that the case be remanded so that the ALJ may consider various GAF scores provided by Serrano's doctors that had been assigned over a two-year period. (Doc. No. 14 at 10.)

GAF scores assess an individual's "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Boston v. Chater, No. CIV.A. 94-5781, 1995 WL 708552, at *4 (E.D. Pa. Nov. 28, 1995) (quoting *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994)).  "The GAF scale, designed by the American Psychiatric Association, ranges from 1 to 100, with a score of 1 being the lowest and 100 being the highest." Christian v. Comm'r of Soc. Sec., No. CIV.A. 13-584, 2014 WL 4925032, at *3 (W.D. Pa. Sept. 30, 2014) (quoting West v. Astrue, 2010 WL 1659712, at *4 (E.D. Pa. Apr. 26, 2010)).  Though a GAF score alone does not necessarily indicate an impairment, it constitutes "relevant medical evidence that 'must be addressed by an ALJ in making a determination regarding a claimant's disability.'" Packard v. Astrue, No. CIV.A. 11-7323, 2012 WL 4717890, at *2 (E.D. Pa. Oct. 4, 2012) (quoting Colon v. Barnhart, 424 F. Supp.2d 805, 812 (E.D. Pa. 2006)).

At step four in the disability analysis, an ALJ determines whether a claimant has the requisite residual functional capacity to perform her past relevant work.  In making this decision, the ALJ must consider all evidence before her and indicate why she accepts or rejects certain evidence.  Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994).  Given this requirement, an argument in favor of remand based on a failure to discuss GAF scores "will fail if, either: (1) the doctors who issued the GAF scores did not "express any opinions regarding [her] specific limitations," or (2) if the ALJ provided a clear and satisfactory explanation of the basis upon which he dismissed the probative weight of the omitted GAF scores. Packard, No. CIV. A. 11-7323, 2012 WL 4717890 at *3.

6

In her Report, Magistrate Judge Sitarski reviewed the record and concluded that Serrano "was assigned a GAF score of 45 on twenty-one separate treatment visits over a period of nearly two years." (Doc. No. 14 at 8; R. at 249, 436-438, 440-451, 537, 539, 541, 543, 546.) The ALJ made reference to only one of the at least twenty-one GAF scores—a GAF score of 50 provided by the agency examiner. (R. at 18.) She provided no explanation for her decision to ignore the others. (Doc. No. 14 at 8.) Magistrate Judge Sitarski reasoned that, "[t]hough remand may not be necessary where an ALJ fails to discuss one or two GAF scores of 50 or below, the Court finds that there is clear basis for remand where an ALJ ignores twenty-one such scores." (Id. at 9.)

In her Objection, the Commissioner argues that because the ALJ referenced the treatment notes upon which the GAF scores were based, her failure to specifically consider the GAF scores did not violate Third Circuit precedent. (Id.) The Commissioner further avers that "substantial evidence firmly supports the ALJ's nondisability determination in all respects." (Id.) The Commissioner cites to Gilroy v. Astrue in support of her argument that the Third Circuit does not require an ALJ to consider GAF scores in deciding to deny benefits. 351 F. App'x 714, 715 (3d Cir. 2009). She also cites to Glover v. Astrue, a recent case from this District that followed the reasoning of Gilroy. No. CIV. A. 10-901, 2011 WL 1562267, at *1 (E.D. Pa. Mar. 31, 2011) report and recommendation adopted, No. CIV. A. 10-901, 2011 WL 1597692 (E.D. Pa. Apr. 26, 2011).

In Gilroy, the ALJ failed to mention a claimant's GAF score of 45 which was assigned by his treating psychiatrist. 351 Fed. Appx. at 715. Despite this omission, in a non-precedential opinion, the Third Circuit Court of Appeals held that remand was unnecessary because the ALJ made "repeated references to observations" from the psychiatrist's report. Id. at 716.

Furthermore, the psychiatrist did not explain the basis for the GAF score of 45 and the limitations provided by the ALJ in the plaintiff's residual functional capacity were "not in conflict with [the] GAF rating." Id. In Glover, the plaintiff's lowest identified GAF rating was 48. Glover, No. CIV. A. 10-901, 2011 WL 1562267 at *5. The ALJ concluded that the plaintiff could have no contact with the public and could have only minimal interpersonal contact—more restrictive limitations than those in Gilroy. Id. at *6. Based on these facts, the court followed the reasoning in Gilroy and declined to remand. Id.

In support of her argument that substantial evidence supports a nondisability determination, the Commissioner argues that, while Serrano's doctors repeatedly gave her GAF scores of 45, "their treatment notes tell a different story." (Doc. No. 16 at 4.) The Commissioner refers to treatment notes from five appointments. These notes described Serrano's condition as improving over the course of treatment, "albeit inconsistently due to poor attendance." (Id.) Despite this improvement, the doctors inexplicably did not raise her GAF score. (Id.) The Commissioner further argues that Serrano's daily activities support the ALJ's conclusion that her subjective complaints to therapists were not entirely credible. The activities performed by Serrano included taking public transportation, hosting Thanksgiving dinner, cooking a few times a week, and helping her daughter with school projects. (Id. at 5.) The Commissioner also cites the opinion of the state agency psychiatrist, who reviewed Serrano's treatment records and concluded that she had only slight to moderate impairments. (Id. at 5-6.)

The Court agrees that an ALJ is not always required to discuss GAF scores, and that in this case some treatment notes may conflict with the scores at issue; however, "a long line of cases in the Eastern District [have required] remand when an ALJ fails to explicitly address GAF

scores in the 41–50 range."[2] Sojourner v. Astrue, No. CIV. A. 09-5662, 2010 WL 4008558, at *5 (E.D. Pa. Oct. 12, 2010); see also Packard, No. CIV. A. 11-7323, 2012 WL 4717890 at *2 (noting, "this Court has repeatedly found error and remanded where the ALJ failed to address GAF scores indicating serious mental impairment."); Joseph v. Astrue, No. CIV. A. 11-2668, 2012 WL 4459796, at *6 (E.D. Pa. Apr. 26, 2012) report and recommendation adopted, No. 11-CV-02668, 2012 WL 4457774 (E.D. Pa. Sept. 26, 2012) ("Failure to mention or discuss GAF scores in the forty-one to fifty range merits remand.").

Moreover, courts are especially inclined to remand where an ALJ neglects to mention multiple GAF scores. See, e.g., Christian, No. CIV. A. 13-584, 2014 WL 4925032 at *4 ("However, unlike Gilroy, there was more than just one GAF rating in the record—there were 16, and eight of them reflected scores of 50 and below"); Sojourner, No. CIV. A. 09-5662, 2010 WL at *5 ("unlike Gilroy, the ALJ, in this case, failed to discuss more than just one GAF score."); Colon, 424 F.Supp.2d at 813 ("in light of Plaintiff's total GAF score history, the ALJ was required to discuss his reasons for not even considering the two GAF scores of 50, leading up to the disability determination in this case.") This case is distinguishable from Gilroy and Glover, the two cases relied upon by the Commissioner, given that in those cases the ALJ failed to discuss one or two GAF scores and the conclusion of the ALJ was not inconsistent with the neglected scores. Here, the ALJ did not discuss at least twenty-one GAF scores of 45. Consequently, her assessment was not sufficient enough to constitute meaningful review. The Court will affirm Magistrate Judge Sitarski's recommendation that Serrano's request for review be granted and the case remanded.

---

[2] GAF scores between 41 and 50 "indicate serious symptoms, including suicidal ideation or severe obsessional rituals, or any serious impairment in social or occupational functioning." (Doc. No. 14 at 8 (citing *Diagnostic and Statistical Manual of Mental Disorders Text Revision (DSM-IV-TR)* 34 (4th ed. 2000)).

## IV.     CONCLUSION

The Commissioner's Objections to the Report and Recommendation filed by Magistrate Judge Sitarski are overruled.  The Report and Recommendation is approved and adopted.  The case will be remanded to the Commissioner for proceedings consistent with this Opinion.

An appropriate Order follows.